# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUBEN AUGUSTINE GOMEZ,

      Plaintiff,

v.                                                                     No. CV 16-959 WJ/CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Ruben Augustine Gomez' *Motion to Reverse and Remand for Payment of Benefits or in the Alternative, for Rehearing, With Supporting Memorandum* (the "Motion"), (Doc. 23), filed April 19, 2017; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 25), filed June 13, 2017; and Mr. Gomez' *Reply to Brief in Response to Motion to Reverse and Remand* (the "Reply"), (Doc. 26), filed July 6, 2017. United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 19).

Mr. Gomez filed applications for disability insurance benefits and supplemental security income on January 26, 2012, alleging disability beginning January 1, 2009. (Administrative Record "AR" 17). Mr. Gomez claimed he was limited in his ability to work due to "back problems," "leg problems," and "right side pain." (AR 220). Mr. Gomez' applications were denied initially on August 17, 2012, and upon reconsideration on June 11, 2013. (AR 17). Mr. Gomez requested a hearing before an Administrative Law Judge

("ALJ"), which was held on January 5, 2015, before ALJ John R. Morris. (AR 33). Mr. Gomez and Judith Beard, an impartial vocational expert ("VE"), testified at the hearing, (AR 35-61), and Mr. Gomez was represented by Andrew S. Youngman, a non-attorney representative, (AR 17).

On February 25, 2015, ALJ Morris issued his decision, finding Mr. Gomez not disabled at any time between his alleged disability onset date through the date of the decision. (AR 27). Mr. Gomez requested review by the Appeals Council, (AR 12-13), which was denied, (AR 1-4), making the ALJ's decision the Commissioner's final decision for purposes of this appeal.

Mr. Gomez now argues that the ALJ erred by: (1) finding that Mr. Gomez could work if he abstained from substance abuse; (2) failing to properly determine Mr. Gomez' residual functional capacity ("RFC"); and (3) improperly relying on the VE's testimony at step five. (Doc. 23 at 4-23). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the Court finds that the ALJ erred in his determination that Mr. Gomez' substance abuse is a contributing factor material to the determination of disability, the Court recommends that Mr. Gomez' Motion be **GRANTED IN PART**.

   I.   **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). If substantial evidence supports the Commissioner's findings and the correct

2

legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or show . . . that she has done so, are grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

3

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II. **Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits and supplemental security income, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---
[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

### III. Background

Mr. Gomez applied for disability insurance benefits and supplemental security income due to back and leg problems and pain on his right side. (AR 220). At step one, the ALJ determined that Mr. Gomez had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. (AR 20). At step two, the ALJ concluded that Mr. Gomez has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the right hip; post-traumatic stress disorder ("PTSD"); anxiety; depression; alcohol abuse; and a history of polysubstance abuse. *Id.*

At step three, the ALJ determined that Mr. Gomez' mental impairments, including the substance abuse disorders, meet Listings 12.04 and 12.09 of 20 C.F.R. §§ 404.1520(d) and 416.920(d). *Id.* The ALJ stated that he found Mr. Gomez credible concerning his limitations with memory, concentration, and social interactions, and regarding his multiple inpatient hospitalizations. (AR 21). The ALJ noted that Mr. Gomez' claims regarding his limitations are supported by treatment records and progress notes from Presbyterian Hospital, the University of New Mexico Hospital, and Kaseman Presbyterian Hospital, and with the findings of the consulting psychological examiner, Louis Wynne, Ph.D. *Id.* (citing AR 623-26). The ALJ noted that there is no treating physician opinion in the record, and that the State Agency medical and psychological consultants opined that Mr. Gomez was capable of simple, unskilled light work. *Id.* The ALJ stated that he gave Dr. Wynne's opinion significant weight because it is consistent with the objective signs and findings and is supported by treatment records from treating physicians at EPOCH Behavioral Health. (AR 22) (citing AR 1103-12).

5

Having found that Mr. Gomez' impairments met Listings 12.04 and 12.09, the ALJ next considered whether, if Mr. Gomez stopped the substance abuse, he would still have an impairment or combination of impairments that meets or medically equals any of the listed impairments. *Id.* The ALJ reasoned that, if Mr. Gomez stopped the substance abuse, he would have only moderate restrictions in social functioning, concentration, persistence, and pace, and would experience no episodes of decompensation. (AR 22-23). Therefore, the ALJ found that, absent the substance abuse, Mr. Gomez would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. §§ 404.1520(d) and 416.920(d). *Id.*

Proceeding to step four, the ALJ found that if Mr. Gomez stopped the substance abuse, he would have the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he would be limited to simple, unskilled jobs. (AR 23). In formulating Mr. Gomez' RFC, the ALJ stated that he considered Mr. Gomez' symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. §§ 404.1529 and 416.929, and SSRs 96-4p and 96-7p. (AR 14). The ALJ stated that he also considered opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. *Id.*

The ALJ noted that Mr. Gomez' most recent medical records, dated November 26, 2014, document that he was drinking at least six drinks a day, and that Mr. Gomez needed a hip replacement but the surgery had not been accomplished due to his poor liver function and continued substance abuse. (AR 24). The ALJ further noted that an

examining doctor indicated on October 27, 2014 that Mr. Gomez clearly has an alcohol use disorder and was not interested in alcohol or substance abuse treatment. *Id.* Finally, the ALJ considered the records from EPOCH Behavioral Healthcare, noting that on November 24, 2014, Mr. Gomez' counselor diagnosed Mr. Gomez with post-traumatic stress disorder, generalized anxiety disorder, major depressive disorder, and binge drinking. *Id.* The ALJ stated that the counselor "recommended continued medication management but did not indicate any specific functional limitations associated with the diagnoses." *Id.*

The ALJ found that Mr. Gomez has some right hip and right leg pain, has difficulty standing or walking for extended periods, and is limited to simple unskilled work "due to his mental impairment." *Id.* The ALJ further found that Mr. Gomez' "symptoms are directly related to his continued use of alcohol." (AR 25). In support of this finding, the ALJ relied on records from multiple hospital visits documenting Mr. Gomez' substance abuse. *Id.* The ALJ concluded that, without the use of drugs and alcohol, Mr. Gomez is capable of simple, unskilled, sedentary work. *Id.* The ALJ then found that, if Mr. Gomez stopped the substance abuse, he would be unable to perform any of his past relevant work. *Id.*

Having found that Mr. Gomez is unable to perform his past relevant work, the ALJ proceeded to step five. The ALJ noted that Mr. Gomez was 37 years old on the alleged disability onset date, and therefore classified as a "younger individual" in accordance with the Regulations. *Id.* The ALJ also determined that Mr. Gomez has at least a high school education and is able to communicate in English. *Id.* The ALJ noted that the VE testified at the hearing that there are jobs that exist in the national economy

that an individual could perform with Mr. Gomez' same age, education, work experience, and the RFC Mr. Gomez would have if he stopped the substance abuse. (AR 26). Specifically, the VE testified that, given all of these factors, the individual could perform the requirements of the jobs of jewelry preparer, semi-conductor loader, and document preparer. *Id.* After finding the VE's testimony to be consistent with the Dictionary of Occupational Titles, the ALJ found that, if Mr. Gomez stopped the substance abuse, he would be capable of performing work existing in significant numbers in the national economy. (AR 26-27). The ALJ concluded that Mr. Gomez' substance abuse disorder is a contributing factor material to the determination of disability and, therefore, Mr. Gomez is not disabled pursuant to 20 C.F.R. §§ 404.1520(g), 404.1535, 416.920(g), and 416.935. (AR 26).

## IV. Analysis

Mr. Gomez first contends that the ALJ erred in finding that his substance abuse is material to the finding of disability. (Doc. 23 at 5-10). Specifically, Mr. Gomez argues that the ALJ did not cite to evidence supporting a finding that his mental limitations are directly related to his continued use of alcohol, and that evidence in the record instead supports a finding that his mental limitations are linked to his PTSD, depression, anxiety, and pain disorder. *Id.* In addition, Mr. Gomez contends that the ALJ erred in his RFC determination because he failed to account for the limitations assessed by Dr. Wynne and State agency doctors, Scott R. Walker, M.D. and Paul Cherry, Ph.D. *Id.* at 11-20. Finally, Mr. Gomez contends that the ALJ improperly relied on the VE's testimony because the ALJ did not include all of Mr. Gomez' limitations in his questions

8

to the VE, and that the ALJ failed to properly consider the requirements for the job of document preparer. *Id.* at 21-23.

In response, the Commissioner argues that Mr. Gomez' medical records document that his limitations were directly related to his substance abuse, noting that during a period of several months in 2012 when Mr. Gomez was abstaining from alcohol he reported that his depression was controlled with Prozac. (Doc. 25 at 4-6). The Commissioner further contends that the ALJ properly assessed Dr. Wynne's opinion because the occupations identified by the VE are consistent with the limitations found by Dr. Wynne. *Id.* at 9-10. The Commissioner argues that the ALJ also properly considered the opinions of Dr. Walker and Dr. Cherry because, even though in Section I they assessed several limitations, their Section III narratives adequately accounted for those limitations. *Id.* at 10-14. Additionally, the Commissioner argues that the ALJ did not err in relying on the VE's testimony and that the ALJ's step-five findings are supported by substantial evidence. *Id.* at 14-16.

In his Reply, Mr. Gomez maintains that the evidence in the record supports a finding that his mental limitations are not related to his alcohol use, and states that, during the period of abstinence in 2012, his mental symptoms were not controlled and he was diagnosed with anxiety, depression and symptoms of PTSD. (Doc. 26 at 1-2). Mr. Gomez also disputes the Commissioner's contention that the limitations found by Dr. Wynne, Dr. Walker, and Dr. Cherry are included in the RFC determination. *Id.* at 3-6. In addition, Mr. Gomez reiterates his contention that the ALJ erred in his reliance on the VE's testimony. *Id.* at 6-7.

*A. The ALJ's Finding of Materiality Regarding Mr. Gomez' Substance Abuse*

The Social Security Act provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Thus, if an ALJ finds that the claimant is disabled and has medical evidence of the claimant's substance abuse, the ALJ "must determine whether [the substance abuse] is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). To determine whether substance abuse is a contributing factor material to a determination of disability, the ALJ must determine whether the claimant's physical and mental limitations would improve to the point of nondisability if the claimant refrained from drug or alcohol use. 20 C.F.R. §§ 404.1535, 416.935; SSR 13-2p, 2013 WL 621536, at *7. If the claimant's limitations would not be disabling absent drug or alcohol use, the claimant's alcoholism or drug addiction is a contributing factor material to a determination of disability and benefits will be denied. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). If the claimant would still be considered disabled due to his remaining limitations, the claimant's alcoholism or drug addiction is not a contributing factor material to a determination of disability and the claimant is entitled to benefits. 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

In *Salazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006), the Tenth Circuit discussed how to make a materiality determination when mental impairments are involved. The opinion refers to a teletype issued by the Commissioner pertaining to "situations where a claimant has one or more other mental impairments in addition to [drug and alcohol addiction.]" *Id.* The teletype "stresses the need for careful examination

of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the [drug and alcohol addiction] is *not* a contributing factor material to the disability determination." *Id.* The teletype also states that "[t]he most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol." *Id.* When evaluating this type of evidence, the ALJ must consider "the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence." *Id.*; *see also* SSR 13-2p, 2013 WL 621536, at *9 and *12.

Further, the report of a medical or psychological consultant could be the basis for a conclusion that drug and alcohol addiction is material to the determination that a claimant is disabled if two conditions are met. First, the consultant must separate the effects of the mental impairments from those of substance abuse; and second, the consultant must project what limitations would remain if the claimant stopped using drugs or alcohol. *Salazar*, 468 F.3d at 623-24. However, where the record is devoid of any medical or psychological report or opinion as to the claimant's remaining limitations if he stopped using drugs or alcohol, an ALJ should "find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability." *Id.* at 624.

Here, the ALJ found at step three that Mr. Gomez' mental impairments meet the criteria for Listings 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders).[2] (AR 20). When a claimant has a severe impairment that meets or equals

---

[2] Unlike other mental disorder listings, 12.09 "is structured as a reference listing; . . . it . . . only serve[s] to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral

11

one of the listed impairments, the ALJ must find that the claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) ("If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step."). However, instead of finding Mr. Gomez disabled, the ALJ found that Mr. Gomez' substance abuse was material to the finding of disability because, absent the substance use, Mr. Gomez would no longer meet the paragraph A, B, and C criteria for these listings. (AR 21-23). The ALJ proceeded to step four, where the ALJ concluded that, if Mr. Gomez stopped the substance abuse, he would have the RFC to perform sedentary work with a limitation to simple, unskilled jobs, and that this RFC provides a significant number of jobs in the national economy that Mr. Gomez could perform. (AR 23, 26). In finding that Mr. Gomez would not be disabled if he stopped the substance abuse, the ALJ relied on medical records from multiple emergency room visits documenting symptoms of alcohol intoxication or alcohol withdrawal, including a note stating Mr. Gomez was not interested in any type of alcohol treatment program. (AR 25). The ALJ states that these records "clearly document that [Mr. Gomez'] limitations are directly related to his continued use of alcohol and marijuana and he is not interested in an alcohol treatment program." *Id.*

In determining whether Mr. Gomez' substance abuse is material to the determination of disability, the ALJ did not state whether he considered evidence from a time period when Mr. Gomez was not using drugs or alcohol. The hospital records upon which the ALJ relied document Mr. Gomez' alcohol use, but do not provide evidence

---

or physical changes resulting from regular use of addictive substances." 20 C.F.R. pt. 404, subpt. P, app. 1. § 12.00(A). "Under this listing, a claimant's impairment due to substance addiction disorder is *per se* disabling when the requirements of one or more of Listings 12.02, 12.04, 12.06, 12.08, 11.14, 5.00, 5.05, 5.08, 11.02, or 11.03 are satisfied." *Id.* at § 12.09.

regarding Mr. Gomez' functioning when he is not using alcohol or drugs. *See Salazar*, 468 F.3d at 623 (explaining that "[t]he most useful evidence that might be obtained in . . . cases [involving substance abuse] is that relating to a period when the individual was not using drugs/alcohol"). The ALJ also did not delineate any periods of abstinence or whether there may have been any increase in the limitations and restrictions imposed by Mr. Gomez' other mental impairments since his last period of abstinence. *See id.*

In her response, the Commissioner attempts to supply evidence from a period of abstinence, noting that for several months in 2012 Mr. Gomez abstained from alcohol and reported that his depression was controlled with Prozac. *See* (Doc. 25) at 5-6 (citing AR 587, 654-67). However, the ALJ did not rely on this evidence in finding that Mr. Gomez' substance abuse was material to the finding of disability, so this is an improper *post hoc* rationalization by the Commissioner. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) ("Judicial review is limited to the reasons stated in the ALJ's decision."). Moreover, neither the ALJ nor the Commissioner address evidence that during this same time period Mr. Gomez was diagnosed with anxiety, depression, and symptoms of PTSD. *See* AR 540-41. *See Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence").

In addition to failing to consider evidence from a sustained period of abstention from substance abuse, the ALJ also failed to state whether the record contained any medical evidence as to Mr. Gomez' remaining limitations if he stopped using drugs or alcohol. The Court, therefore, finds that the ALJ failed to properly support his finding that Mr. Gomez' substance abuse was material to the determination of disability

because he did not rely on evidence showing that Mr. Gomez' co-occurring mental disorders would improve to the point of nondisability in the absence of the substance abuse. *See* SSR 13-2p, 2013 WL 621536, at *7 (the ALJ should find that a claimant's substance abuse is not material "if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of [the substance abuse]"); *see also Salazar*, 468 F.3d at 623 ("[I]f the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the [drug and alcohol addiction] is *not* a contributing factor material to the disability determination."); *Zemp-Bacher v. Astrue*, 477 Fed. Appx. 492, 495 (10th Cir. 2012) (unpublished) (finding that the claimant's testimony that she was doing better since starting counseling and medication, and treatment notes indicating some improvement, did not amount to sufficient evidentiary support for a finding of materiality, stating "no reasonable mind could find the vague bits of evidence noting some improvement enough to support a conclusion that [the claimant] would not be disabled in [the] absence of addiction"). The Court recommends that this case be remanded for further consideration of the effect, if any, of Mr. Gomez' substance abuse on his impairments, in accordance with 20 C.F.R. §§ 404.1535, 416.935, SSR 13-2p, and *Salazar*.

  *B. Request for Immediate Award of Benefits*

  In his Motion, Mr. Gomez makes a cursory request for an immediate award of benefits. (Doc. 23 at 24). Mr. Gomez fails to provide any support for this request, and the Court finds that additional fact-finding would be useful in this case. *See Salazar*, 468 F.3d at 626 (when determining whether to remand for an immediate award of benefits,

courts may, among other factors, consider whether remand for additional fact-finding would be useful). The Court, therefore, recommends denying this request.

## V. Recommendation

For the reasons stated above, the Court finds that the ALJ failed to properly consider whether Mr. Gomez' substance abuse is a contributing factor material to the determination of disability. The Court does not address Mr. Gomez' claims that the ALJ erred in his RFC determination and at step five because those claims may become moot upon remand.

**IT IS THEREFORE RECOMMENDED** that Mr. Gomez' *Motion to Reverse and Remand for Payment of Benefits or in the Alternative, for Rehearing, With Supporting Memorandum* (the "Motion"), (Doc. 23), be **GRANTED IN PART**, and that this case be **REMANDED** to the Commissioner for further proceedings.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE